**FILED**
**April 25, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Christopher Wood,**
**Plaintiff Below, Petitioner**

**vs.)   No. 22-0304** (Raleigh County 21-C-AP-10)

**Joseph Stiles and Noble Roman, LLC,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Christopher Wood appeals the order of the Circuit Court of Raleigh County, entered on March 22, 2022, denying his motion for a new trial following a bench trial in petitioner's civil action seeking damages for missing and improperly made kitchen cabinets he purchased from Respondents Joseph Stiles and Noble Roman, LLC (collectively "respondents").[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Because the parties dispute the facts of this case, and petitioner failed to submit the trial transcript, we utilize the facts as set forth in the January 12, 2022, order that the circuit court entered following the bench trial: In July of 2020, petitioner ordered a set of custom-built kitchen cabinets from respondents[2] and paid half of the then-agreed-upon price as a deposit. In August of 2020, petitioner modified his order, which increased the price. On September 16, 2020, respondents informed petitioner that the cabinets were ready for petitioner to take possession. Respondents wrapped the cabinets in plastic and cardboard. However, petitioner did not travel to pick up the cabinets until October 9, 2020.[3] Petitioner presented himself at respondents' business location, paid the remaining balance, took possession of the cabinets, and transported them to his

---

[1]Petitioner is self-represented. Respondents appear by counsel John F. Parkulo.

[2]Noble Roman, LLC, and its independent contractor, Joseph Stiles, are in the business of manufacturing and selling custom-made kitchen cabinets.

[3]While respondents' place of business is in Raleigh County, petitioner lives in Lincoln County.

1

residence. From October of 2020 to January of 2021, petitioner stored the cabinets in his garage.[4] After he began to unwrap the cabinets in January of 2021, petitioner informed respondents on three occasions that certain cabinets were either missing from the order or improperly made. On March 8, 2021, petitioner sent respondents a letter rejecting the goods.

In April of 2021, petitioner filed a civil action in the Magistrate Court of Raleigh County seeking a refund of the total price of the cabinets in the amount of $8,003 and $997 in other damages. Respondents removed the action to the Circuit Court of Raleigh County.[5] Upon removal of the action to the circuit court, petitioner amended his complaint to ask for a total of $12,000 in compensatory and punitive damages. At an August 18, 2021, bench trial, the parties presented both testimony and evidence. Thereafter, the circuit court, by a final order entered on January 12, 2022, entered judgment in respondents' favor. The circuit court found that petitioner (1) accepted the cabinets when he took possession of them on October 9, 2020, and (2) did not have sufficient justification to revoke his previous acceptance of the goods. Petitioner filed a motion for a new trial, which the circuit court denied on March 22, 2022.

We apply the following standard for reviewing an order entered after a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996). "On an appeal to this Court[,] the [petitioner] bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, each party argues that the other's brief fails to comply with Rule 10 of the West

---

[4]At trial, the parties disputed whether petitioner's storage of the cabinets in his garage caused damage to them. However, we concur with the circuit court's finding that it was unnecessary to determine whether petitioner's manner of storing the cabinets damaged them due to its findings that petitioner accepted the goods on October 9, 2020, and thereafter did not have justification sufficient to revoke that acceptance given the particular deficiencies he claimed with the cabinets.

[5]According to respondents, they removed the civil action to the circuit court pursuant to West Virginia Code § 50-4-8, which provides, in pertinent part, that, "[a]t any time before trial in a civil action involving $5,000 or more, any party may, upon payment of the circuit court filing fee, cause such action to be removed to the circuit court[.]"

Virginia Rules of Appellate Procedure. Petitioner argues that respondents fail to respond to each of his two assignments of error and, therefore, that respondents agree with his view of the issues. As petitioner notes, pursuant to Rule 10(d), if a respondent fails to respond to an assignment of error,[6] this Court assumes that the respondent concurs with the petitioner's position. However, assuming arguendo that respondents have failed to respond to petitioner's arguments, we decline to rule in his favor merely because of such failure. *See* Syl. Pt. 8, *State v. Julius*, 185 W. Va. 422, 408 S.E.2d 1 (1991) (holding that we will accept a party's concession only after a proper analysis shows that it is correct).

Respondents argue that petitioner fails to comply with Rule 10(c)(7), which provides, in pertinent part:

> *Argument:* The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The . . . Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

To the extent that petitioner mentions issues that he does not assign as errors, we decline to address any such issues. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). Furthermore, as noted above, petitioner did not submit a transcript of the August 18, 2021, bench trial. We have stated that we must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim." *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994).

In his reply, petitioner argues that his assignments of error raise questions of law, the resolution of which does not require the trial transcript. We disagree. Petitioner mischaracterizes the circuit court's rulings by alleging that it made erroneous legal determinations that (1) a buyer must either accept or reject goods immediately upon their tender by a seller and (2) a buyer never has sufficient justification to revoke a previous acceptance of goods due to missing or defective

---

[6]While respondents filed a summary response, Rule 10(e) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[a] summary response need not comply with all the requirements for a brief set forth in this rule but must contain an argument responsive to the assignments of error with appropriate citations to the record on appeal[.]"

goods. We find that the circuit court did not hold, as a matter of law, that a buyer is required to accept or reject goods immediately upon their tender. Instead, the circuit court found that petitioner accepted the cabinets on October 9, 2020, due to the facts and circumstances of this case. West Virginia Code § 46-2-601 generally provides that, "if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may (a) reject the whole; or (b) accept the whole; or (c) accept any commercial unit or units and reject the rest." West Virginia Code § 46-2-606(1)(b) provides, in pertinent part, that "[a]cceptance of goods occurs when the buyer . . . (b) fails to make an effective rejection . . . , but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them." The circuit court determined that whether petitioner had a reasonable opportunity to inspect the cabinets was not at issue, finding that, under the circumstances of this case, respondents did not refuse any request by petitioner to conduct an inspection on October 9, 2020, and that "[t]he evidence supports the finding that [petitioner] took possession of and departed with the cabinets while they remained wrapped in the plastic and cardboard[.]"

Similarly, the circuit court did not hold, as a matter of law, that a buyer never has sufficient justification to revoke a previous acceptance of goods due to missing or defective goods. The circuit court recognized that West Virginia Code § 46-2-608(1) provides, in pertinent part, that a buyer may revoke his acceptance of a good if its "nonconformity substantially impairs its value to him if he has accepted it (a) on the reasonable assumption that its nonconformity would be cured . . .; or (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances." The circuit court found that the particular deficiencies petitioner claimed with the cabinets did not substantially impair their value to him. The circuit court further found that petitioner "did not present evidence of statements or circumstances upon which the court could find that [petitioner] harbored a 'reasonable assumption' that a nonconformity would be cured[.]" Finally, the circuit court determined that "there is no evidence that [respondents] made assurances of any kind that induced [petitioner] to delay discovery of nonconformities" and that there was no difficulty in petitioner discovering any nonconformities at the time he took possession of the cabinets, had he wished to inspect them. (Internal quotations omitted.)

Petitioner argues that, in its findings, the circuit court ignored certain facts while giving undue emphasis to others. However, without the trial transcript, we do not have a complete record of which facts were presented to the circuit court. As petitioner acknowledges, the parties submitted testimony as well as documentary evidence.[7] Rule 52(a) of the West Virginia Rules of Civil Procedure provides, in pertinent part, that, when a court sits without a jury, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Based upon our review of the evidence that is in the appendix record, we find no cause to disturb the circuit court's findings. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461

---

[7]In his appendix, petitioner includes respondents' exhibit 1 and his exhibits 1 through 14 and 16 through 19. Petitioner states that his exhibit 15 was not admitted into evidence. Petitioner does not state the total number of exhibits admitted at trial.

4

S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Therefore, we conclude that petitioner cannot show that the circuit court abused its discretion in ruling in respondents' favor.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

5